AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | |
|---|---|
| United States of America<br>v.<br><br>AMEKKA EMMANNUEL AKUDINOBI,<br><br>*Defendant(s)* | Case No. 4:21-mj-70164-MAG |

**FILED**
Jan 27 2021
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **November 26, 2020** in the county of **Contra Costa** in the **Northern** District of **California**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2252(a)(2) | Receipt of Child Pornography<br><br>Penalties:<br>Minimum term of imprisonment: 5 years<br>Maximum term of imprisonment: 20 years<br>Maximum fine: $250,000<br>Supervised release: 5 years minimum, lifetime maximum<br>Forfeiture, Restitution<br>Special assessments: $5100 ($100 if indigent), and up to $35,000 additional. |

This criminal complaint is based on these facts:

Please see attached affidavit of HSI Task Force Officer Darryl Holcombe in support of the Criminal Complaint.

(approved as to form *SSB* AUSA Samantha Schott Bennett)

☑ Continued on the attached sheet.

/s/ *Darryl Holcombe*
Complainant's signature

Darryl Holcombe, Task Force Officer, HSI
*Printed name and title*

Sworn to before me over the telephone and signed by me pursuant to Fed.R.Crim.P 4.1 and 4(d).

Date: 01/26/2021

*Judge's signature*

City and state: San Jose, California       Hon. Nathanael M. Cousins, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT AND ARREST WARRANT

I, Darryl J. Holcombe, a Task Force Officer with Homeland Security Investigations do swear and affirm as follows:

## INTRODUCTION AND AGENT EXPERIENCE

1. This affidavit is made in support of a criminal complaint charging Amekka Emmanuel AKUDINOBI (AKUDINOBI) with one count of Receipt of Child Pornography, in violation of 18 U.S.C. § 2252(a)(2). The statements contained in this affidavit are based on my experience and training as a Senior Inspector with the Contra Costa County District Attorney's Office and Task Force Officer with Homeland Security Investigations, and the information provided to me by other law enforcement officers. Because this affidavit is being submitted for the limited purpose of securing an arrest warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause that on or about November 26, 2020, in the Northern District of California, AKUDINOBI violated 18 U.S.C. § 2252(a)(2).

2. The information contained within this affidavit is based upon information I have gathered in my investigation, my personal observations, my training, experience and information received from other law enforcement officers. I believe these sources to be reliable. Because this affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included each and every fact known to me concerning this investigation. I have set forth only those facts that I believe are necessary to establish probable cause to believe that there has been a violation of 18 U.S.C. § 2252(a)(2). Further, my understanding of the significance of certain events and facts may change as the investigation progresses.

3. I am a Senior Inspector with the Contra Costa County District Attorney's Office, assigned to the Sexual Assault Unit. I have been assigned to the Sexual Assault Unit since approximately 2015. I also serve as a Task Force Officer with the United States Department of

HOLCOMBE AFF. IN SUPPORT OF CRIMINAL COMPL.
[UNDER SEAL]

Homeland Security, Homeland Security Investigations. I have been employed with the Contra Costa County District Attorney's Office since November 2011. Prior to that, I was a police officer with the City of Concord for eleven years. I attended a basic police academy in 1999 at the Los Medanos Police Academy.

4. I am also currently assigned to the Internet Crimes against Children Task Force. I monitor peer-to-peer and file sharing programs and investigate individuals downloading and sharing child pornography and committing other sexual crimes against children. I have participated in over 100 such investigations. Through my work in these investigations, as well as my discussions with other experienced agents, I have experience in estimating the approximate ages of individuals (including those under the age of 18) depicted in photographs and videos. I have received advanced training in computer crimes and peer-to-peer file sharing programs. I have also received training in child pornography and child exploitation offenses, and through both this training and my prior work, have had the opportunity to observe and review examples of child pornography (as defined in 18 U.S.C. § 2256). As a Senior Inspector with the District Attorney's Office, I have also participated in criminal investigations relating to identity theft, counterfeit identification, counterfeit currency, counterfeit checks, bank fraud, wire fraud, access device fraud, and electronic crimes involving computers.

5. As a state law enforcement agent, I am authorized to investigate violations of state law and to execute warrants issued under the authority of the State of California. I am also cross designated as a federal officer with Homeland Security Investigations. I am authorized to make probable cause arrests without a warrant for violations of United States law. I am authorized to serve search and arrest warrants issued under the authority of the United States.

## APPLICABLE LAW

6. 18 U.S.C. § 2252(a)(2) provides that any person who knowingly receives, or distributes, any visual depiction using any means or facility of interstate or foreign commerce or

that has been mailed, or has been shipped or transported in or affecting interstate or foreign commerce, or which contains materials which have been mailed or so shipped or transported, by any means including by computer, or knowingly reproduces any visual depiction for distribution using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or through the mails if the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and such visual depiction is of such conduct.

## FACTS IN SUPPORT OF PROBABLE CAUSE

7. Amekka Emmanuel AKUDINOBI is a 28-year-old adult male resident of Antioch, California, which is within the Northern District of California.

8. I have reviewed criminal history reports for Amekka AKUDINOBI. On or about January 25, 2019, in the Circuit Court for Baltimore County, Maryland, Amekka AKUDINOBI was convicted of two felony counts of a violation of CR. 11.207(a), Child Pornography Promote/Distribute/W/Intent to Possess. He was also convicted of a misdemeanor violation of Possession of Child Pornography in violation of CR 11.208. These crimes occurred on or about April 20, 2017.

9. AKUDINOBI was sentenced by the Circuit Court for Baltimore County to a 10-year state prison sentenced which was suspended, and five years of felony probation with COMET supervision (Collaborative Offender Management Enforcement Treatment).

10. I also learned AKUDINOBI had also been convicted of the same statutes for an incident which occurred on or about October 14, 2014.

11. As a condition of his felony probation, AKUDINOBI is barred from possessing any computer or other electronic device that is not monitored by his Probation officer, and he was required to reside at a location without internet access.

12. AKUDINOBI's probation conditions further require that he "must cooperate with the Division of Parole and Probation in the monitoring of any computer, mobile telephone,

HOLCOMBE AFF. IN SUPPORT OF CRIMINAL COMPL.
[UNDER SEAL]

3

game system, or other wireless device capable of accessing the internet. He must cooperate with any restrictions on Internet use imposed and to confirm cooperation, he must allow the agent to monitor and/or search all programs and records maintained on any Internet capable device to which he has access." I have reviewed the written copy of AKUDINOBI's supervision conditions, which were issued in Maryland and signed by AKUDINOBI.

13. I have conferred with AKUDINOBI's California parole agent. AKUDINOBI's parole agent advised that AKUDINOBI is currently being supervised by the California Department of Corrections and Rehabilitation ("CDCR"), Division of Parole Operations, pursuant to the terms of his felony probation in Maryland. I learned that at some point between approximately January 25, 2019 and April 11, 2019, AKUDINOBI moved to Antioch, California and registered as a sex offender pursuant to California Penal Code section 290. On or about April 8, 2019, AKUDINOBI reported to CDCR to begin his supervision. During his initial meeting with parole officers in California, AKUDINOBI acknowledged that he was not allowed to be in possession of or have access to any computer or electronic communication device. AKUDINOBI provided his address in Antioch.

14. On or about December 2, 2020, AKUDINOBI's parole agent went to AKUDINOBI's house in Antioch. The general purpose of the visit was to conduct a compliance check on AKUDINOBI to ensure he was following all of the rules imposed on him pursuant to his probation conditions.

15. After the parole agent arrived at AKUDINOBI's home, the parole agent spoke with AKUDINOBI in the front yard. As the parole agent was talking with AKUDINOBI, AKUDINOBI stated in substance that he was enrolled in online college courses at a local community college.

16. AKUDINOBI's parole agent advised me that he found this suspicious because AKUDINOBI was not allowed to possess the types of devices necessary to take online classes,

as the parole agent had not been notified of any devices to monitor. The parole agent told AKUDINOBI that he was not allowed to have a computer and returned to the parole agent's vehicle to get a copy of AKUDINOBI's supervision guidelines to confirm his supervision conditions.

17. While the parole agent was at his vehicle, AKUDINOBI ran into the residence without warning. AKUDINOBI ran upstairs and closed the door to a bedroom. The parole agent followed AKUDINOBI into the house and heard furniture being moved inside the bedroom. The parole agent detained AKUDINOBI inside the bedroom. AKUDINOBI told the parole agent he had hid a laptop in his bedroom, and the parole agent recovered a Hewlett Packard laptop, hidden behind a dresser. Attached to the laptop was a Western Digital external hard drive.

18. The parole agent spoke with AKUDINOBI and told him his room was going to be searched. AKUDINOBI stated in substance that he had hidden three thumb drives behind his bed. The parole agent recovered three San Disk thumb drives from the area behind AKUDINOBI's bed. The parole agent arrested AKUDINOBI for violating his probation and transported him to the Contra Costa County Jail.

19. On or about January 13, 2021, I reviewed files on a Hewlett Packard laptop that had been seized from AKUDINOBI'S residence. In addition to other files on the laptop, I viewed the file named below. Based on my training and experience, I believe this file depicts a minor engaged in sexually explicit conduct and the contents of the file are described hereafter:

**File name: (87) OK-Brave 2020-11-26 01-28-12.mp4**
Description: This video is 5 minutes and 13 seconds long, depicts a young female, whom I believe to be approximately 10-12 years old, based on my training and experience and observations of her physical appearance. The female starts out fully dressed and appears to be performing on a webcam show. The girl masturbates over her underwear and then removes her underwear and masturbates for over a minute.

20.     The screen recording captured the URL of the website AKUDINOBI was visiting, which appeared to be a Russian website as it ended in ".ru."

21.     I examined the EXIF[1] data from the video file "(87) OK-Brave 2020-11-26 01-28-12.mp4" and found it was created on or about November 26, 2020 at approximately 0128 hours.  The naming convention for the file "(87) OK-Brave 2020-11-26 01-28-12.mp4" also contains information about the date and time the file was created, "2020-11-26 01-28" which is the approximate date and time AKUDINOBI'S computer recorded it (November 26, 2020 at 0128 hours).

22.     I learned the term "Brave," which appears in the file name is from a browser that Windows, iOS and Android users can download which prevents tracking and blocks advertisements.  It is also used to exchange cryptocurrency.

23.     I examined a San Disk thumb drive seized from AKUDINOBI and found the Windows executable file for the Brave browser.  I also found a copy of the "(87) OK-Brave 2020-11-26 01-28-12.mp4" video file.  This file had been transferred to the thumb drive on November 27, 2020 at 0108 hours.

24.     I reviewed additional files from two of the San Disk thumb drives seized from AKUDINOBI on December 2, 2020, and found in excess of 200 files containing file names that are consistent with depictions of minors engaged in sexually explicit conduct.  I am also advised by a Contra Costa County Sheriff's Detective who reviewed the third San Disk thumb drive seized from AKUDINOBI, that the third thumb drive contained over 400 videos of child pornography based on the detective's preliminary review.

//

---

[1] Exchangeable Image File Format (EXIF) is a standard that defines specific information related to an image or other media captured by a digital camera.  It is capable of storing such important data as camera exposure, date/time the image was captured, and even global positioning system (GPS) location data.

HOLCOMBE AFF. IN SUPPORT OF CRIMINAL COMPL.
[**UNDER SEAL**]

## CONCLUSION

25.     Based on the aforementioned facts and information, there is probable cause to believe that on or about November 26, 2020 in the Northern District of California, AKUDINOBI knowingly received a visual depiction of a minor engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(2).

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

/s/ *Darryl J. Holcombe*
DARRYL J. HOLCOMBE
Task Force Officer, Homeland Security Investigations

Sworn to before me over the telephone and signed by me pursuant to Fed.R.Crim.P 4.1 and 4(d) on this 26th day of January 2021.

HON. NATHANAEL M. COUSINS
United States Magistrate Judge

HOLCOMBE AFF. IN SUPPORT OF CRIMINAL COMPL.
[UNDER SEAL]